This was an indictment against the defendant, a single woman, and contained three counts.
The first and second counts were for the murder of her bastard (351) child, laying the death to have been accomplished by different kinds of violence, and both concluding at common law; the third count was for a misdemeanor in concealing the birth of the child, and concluded against the form of the statute.*
The prisoner was found not guilty on the first and second counts, but guilty on the third; and moved, first, for a new trial because the court instructed the jury that upon the third count it was not a material *Page 160 
inquiry whether the child was born alive or not. This motion was overruled, and a motion was then made in arrest for that the third count did not allege that the child was born alive, nor that it died.
The count was as follows: "That the said Rinney Joiner, on 27 November," etc., "being big with a certain male child, afterwards, towit, on the same day and year last aforesaid, at and in the county of Pitt aforesaid, by the providence of God, did bring forth the said child of the body of her the said Rinney Joiner, alone and in secret, which said male child, if the same had been born alive, would by the laws of this State have been a bastard; and that the said Rinney Joiner, being moved by the instigation of the devil, afterwards, towit, on the said 27 November, in the year," etc., "as soon as the said male child was born, with force and arms, at and in the county of Pitt aforesaid, unlawfully, wickedly, and willfully did throw, put, and place the said male child under and beneath a crib there situate; and the said male child did then and there, (352) under and beneath the crib aforesaid, unlawfully, wickedly, and willfully, hide, secrete, and conceal, she, the said Rinney Joiner, in manner and form last aforesaid, endeavoring privately so to conceal the death of the said male child that it might not come to light whether the child were born alive or not, but be concealed, against the form of the statute," etc.
The court, Paxton, J., overruled the motion in arrest and pronounced sentence, and the prisoner appealed.
* Laws of 1818, N. R., ch. 985, sec. 2:
Be it further enacted, That if any woman be delivered of issue of her body, male or female, which, being born alive, would by the laws of this State be a bastard, and she endeavors privately, either by drowning or secret burying thereof, or any other way, either by herself or the procuring of others, so to conceal the death thereof as that it may not come to light whether it were born alive or not, but be concealed, in every such case the said mother so offending shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $500 and an imprisonment not exceeding twelve months.
The statute of 21 James I. was passed on account of the difficulty of proving the child's being born alive, in the case of its murder by the mother. It, therefore, makes the concealment of its death almost conclusive evidence of its being murdered by the mother. But the extreme severity of the law prevented it from being carried into full operation; and upon trials for that offense presumptive evidence was required that the child was born alive, before the other presumption, that it was killed by its parent, was admitted to convict the prisoner. But even under that statute presumptive evidence was admissible that the child was born dead; and if, from the view of the child, it were testified by one witness, by apparent probability, that it had not arrived at its debi tunc partus tempus, the case was considered as not being within that statute, on account of there being presumptive evidence that the child was born dead; but under such circumstances it was left to the jury, upon the evidence, as at common law, to say whether the mother was guilty of the death.
This statute was repealed in this State by the act of 1818 which restored the common law in trials for the offense of murdering a bastard child. *Page 161 
But although the concealment of the death of the child was justly conceived by the Legislature as insufficient to raise a presumption that the mother had murdered it, so as to be convicted of that crime, yet it was an offense calculated to destroy the proof by which the mother might have been convicted. The State shall not be called upon to prove that the child was born alive, because the mother has suppressed (353) the means by which such fact could be proved, and this, while it is an offense in itself, also raises a presumption against the mother that the child was born alive. The mother cannot be prosecuted for murder by reason of this concealment, and, therefore, she shall be prosecuted for a misdemeanor. It is, therefore, apparent to me that the corpus delicti
described in the act is concealing the death of a being upon which the crime of murder could have been committed. If, therefore, the mother can show that the child was born dead, the presumption raised against her by the concealment is destroyed. She has committed no misdemeanor, because the subject concealed was not a human being upon whom the crime of murder could have been committed. The act in using the word "delivered" could only contemplate the birth of a live child, and not that sort of delivery which takes place before a woman can, according to the rules of parturition, be delivered of a live child.
The Legislature may be supposed to have addressed the woman thus: "We could convict you for the murder of this child, but to convict you it would be necessary to prove that the child was born alive. This you have put out of our power to prove, because you have concealed the death of the child; and in so doing you have committed an offense against public justice in suppressing the means of a prosecution for murder." But if the woman can show that the child was born dead, she has not impeded the course of justice, and ought not to be convicted. I, therefore, think it was fairly and strictly within the province of the jury to consider whether the child was born dead or alive. There ought to be a new trial.